UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TONY JONES                                              Index No.: 22-02746 (RPK)(RML)

                              Plaintiff,            **FIRST AMENDED COMPLAINT**

      -against-                                          Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
NYPD SERGEANT MICHAEL FARRELL,
NYPD SERGEANT SAMUEL HUI,
NYPD OFFICER JAMES FOWLER, and
NYPD OFFICER EVRETT KERR,

                              Defendants.
-------------------------------------------------------------------X

      Plaintiff, TONY JONES, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, NYPD SERGEANT MICHAEL FARRELL ("Defendant FARREL"), NYPD SERGEANT SAMUEL HUI ("Defendant HUI"), NYPD OFFICER JAMES FOWLER ("Defendant FOWLER") and NYPD OFFICER EVRETT KERR ("Defendant KERR").

## PRELIMINARY STATEMENT

      1. This is a civil rights action in which the plaintiff, TONY JONES, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendants NYPD SERGEANT MICHAEL FARRELL, NYPD SERGEANT SAMUEL HUI, NYPD OFFICER JAMES FOWLER and NYPD OFFICER EVRETT KERR were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At

all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

8. On or about August 25, 2021, at approximately 2:00 A.M., plaintiff TONY JONES was lawfully present on a public sidewalk in the vicinity of Sutter Avenue and Powell Avenue in Brownsville, Brooklyn.

9. Plaintiff resides in a building near that corner and was in the process of locking up his motorbike and speaking with a neighbor when a group of four police officers, herein identified as defendants FARRELL, HUI, FOWLER and KERR, emerged from a police vehicle and approached the two men.

10. Defendant FARRELL, who emerged from the driver's seat approached plaintiff's neighbor first.

11. Defendant HUI, who emerged from the front passenger's seat approached plaintiff and began to question him about his motorbike.

12. Defendant HUI and plaintiff discussed the status of the bike's registration and plaintiff indicated that he had the registration paperwork in his car, which was parked nearby.

3

13. The officer indicated that plaintiff was free to go and get the paperwork.

14. As plaintiff began to walk towards his car defendant FARRELL, grabbed him and slammed him to the ground.

15. Within seconds, defendants FARRELL, HUI, FOWLER and KERR, were using force, including but not limited to punches, hand and arm strikes, against plaintiff, who was not resisting.

16. Defendant FARRELL eventually placed plaintiff in handcuffs, and then remained on top of him as he lay face down on the sidewalk, kneeling on his back for several minutes.

17. Plaintiff was eventually transported to the 73rd Precinct.

18. Plaintiff requested medical treatment soon after.

19. Before he was afforded medical attention, plaintiff was strip searched by defendant FARRELL.

20. He was brought to Interfaith Medical Center, where he complained of pain in his lower back and difficulty breathing. He stated that he had been struck in his ribs.

21. Plaintiff was diagnosed with pneumothorax and a tube was inserted into his sternum. He was also medicated for pain.

22. He spent the next five days in the hospital.

23. At no time during the events described above did plaintiff commit any act for which the amount of force used against him would be reasonable.

24. The force used against plaintiff was malicious, reckless, and excessive.

25. As a result of the defendant's use of force, plaintiff did suffer serious physical injury, including but not limited to a collapsed lung.

### AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

26. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

28. All of the aforementioned acts of defendants were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

31. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so, particularly where the other three watched as Defendant FARRELL pressed plaintiff's body to the ground with his knee.

32. The acts complained of resulted in pain and injury to plaintiff.

33. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Illegal search and seizure as against defendant SERGEANT MICHAEL FARRELL in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. At all times during the events described above defendant FARRELL lacked probable cause to strip search plaintiff.

36. The aforementioned acts of defendant FARRELL was carried out under the color of state law.

37. The aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The act complained of was carried out by defendant FARRELL in hi capacity as a police officer, with all actual and/or apparent authority afforded thereto.

39. The acts complained of deprived plaintiff of his right to be free from unreasonable search and seizure.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

40. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct

of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

42. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

43. At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power and the use of excessive force as described in this complaint.

44. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: January 17, 2023

Brooklyn, NY

                By:       */s/Alexis G. Padilla*
                      Alexis G. Padilla, Esq. [AP8285]
                      *Attorney for Plaintiff*
                       Tony Jones
                      378 Lewis Ave. #6
                      Brooklyn, NY 11233
                      (917) 238-2993
                      alexpadilla722@gmail.com